**Electronically Filed
Intermediate Court of Appeals
30544
04-OCT-2010
08:14 AM**

NO. 30544

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

VIVIAN L.  HOETTE and BERLYN C. HOETTE,
Plaintiffs-Appellants,

v.

K TURTLE COVE SUITES; HALE MANA LLC;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10 and DOE ENTITIES 1-10, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 07-1-0008)

ORDER DISMISSING APPEAL
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record for this case, it appears that we lack jurisdiction over the appeal that Plaintiffs-Appellants Vivian L. Hoette and Berlyn C. Hoette have asserted from the following two orders that the Honorable Randal G.B. Valenciano entered:

(1)    the March 29, 2010 "Order Denying: 1) Plaintiffs Vivian L. Hoette and Berlyn C. Hoette's Motion to Amend Complaint; and 2) Plaintiffs Vivian L. Hoette and Berlyn C. Hoette's Motion to Extend the Time to Identify Unidentified Defendants and to Certify Identification of Certain Unidentified Defendants" (hereinafter the March 29, 2010 order); and

(2)    the May 26, 2010 "Order Granting Plaintiffs Vivian L. Hoette and Berlyn C. Hoette's Motion for Rule 54(b) Certification of Order Denying Plaintiffs' Motion to Amend Complaint Filed on November 12, 2009 and Plaintiffs Vivian L. Hoette and

Berlyn C. Hoette's Motion to Extend the Time to Identify Unidentified Defendants and to Certify Identification of Certain Unidentified Defendants Filed on December 22, 2009" (hereinafter the May 26, 2010 order).

The circuit court has not reduced these two orders to a separate judgment that resolves at least one claim as required pursuant to Rule 54(b) and Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641(c). Pursuant to HRCP Rule 54(b), when there are multiple claims or multiple parties, a court may direct entry of final judgment as to one or more but fewer than all of the claims or parties, upon the "express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Further, HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on the separate document requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Furthermore, "[a]n

appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339.

The appellate court clerk filed the record on appeal for Appeal No. 30544 on July 26, 2010, at which time the record on appeal did not contain a separate appealable judgment. Neither the March 29, 2010 order nor the May 26, 2010 order is a judgment, but rather, they are two interlocutory orders that the circuit court has not reduced to a separate judgment. Although the May 26, 2010 order purports to certify the March 29, 2010 order for an appeal pursuant to HRCP Rule 54(b), "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a [separate] judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). Furthermore, an HRCP Rule 54(b) "certification of finality is limited to only those cases where (1) more than one claim for relief is presented or multiple parties (at least three) are involved, . . . and (2) the judgment entered completely disposes of at least one claim or all of the claims by or against at least one party." Elliot Megdal and Associates v. Daio USA Corporation, 87 Hawai'i 129, 133, 952 P.2d 886, 890 (App. 1998) (citations omitted). The circuit court has not entered a separate judgment that disposes of at least one claim by or against at least one party and that contains the finding necessary for certification under HRCP Rule 54(b). Absent an

-3-

appealable separate judgment, this appeal is premature and must be dismissed for lack of appellate jurisdiction.   Accordingly,

IT IS HEREBY ORDERED that Appeal No. 30544 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 4, 2010.

Presiding Judge

Associate Judge

Associate Judge